UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-04892-AB (Ex) | Date: | August 20, 2020 |
|---|---|---|---|

Title: *Matthew Pristave v. Ford Motor Company et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order **DENYING** Plaintiff's Motion for Remand (Dkt. No. 10)

Before the Court is Plaintiff Matthew Pristave's ("Plaintiff") Motion for Remand to State Court. ("Motion," Dkt. No. 10). Defendant Ford Motor Company ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 13), and Plaintiff filed a Reply ("Reply," Dkt. No. 15). Finding this matter appropriate for resolution without oral argument, on August 12, 2020, the Court vacated the hearing set for August 14, 2020. (Dkt. No. 20); *see* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons below, the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

On April 27, 2020, Plaintiff filed this action in Los Angeles County Superior Court asserting claims for violations of the Song-Beverly Warranty Act, or California's "lemon law," in connection with his 2013 Ford C-Max ("Vehicle"). (Complaint ("Compl."), Dkt. No. 3 at Ex. B, at 17 of 87). On June 2, 2020, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Defendant's Notice of Removal ("NOR"), Dkt No. 1).

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.")

For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

Here, the only disputed issue is whether the requisite $75,000.00 amount in controversy has been satisfied for federal jurisdiction to vest. Plaintiff contends that, because Defendant has not carried its burden of proving the amount in controversy by a preponderance of the evidence, this Court lacks subject matter jurisdiction over this action and it should be remanded to state court. The Court disagrees.

### a. Legal Standard for Calculating of the Amount in Controversy for Removal

In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000.00 amount in controversy is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the

court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

"[T]he Court can include the Song-Beverly Act's civil penalty damages in the amount in controversy calculation." *Mullin v. FCA US, LLC*, CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). Further, "a court *must* include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added); *see also Brady*, 243 F. Supp. 2d at 1011; *Guglielmino*, 506 F.3d at 700. District courts may rely upon "their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id.* at 795 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

### b. Parties' Arguments

Here, Plaintiff's Complaint alleges that the amount in controversy "exceeds twenty-five thousand dollars ($25,000.00), exclusive of interests and costs" and seeks damages from Defendant for "incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." (Compl. ¶ 13). Plaintiff further requests "a civil penalty as provided in Song-Beverly, in amount not to exceed two times the amount of Plaintiff's actual damages[.]" (Compl. at 9 (Prayer for Relief) ¶ D; *see also* Compl. ¶ 31).

Defendant argues that the jurisdictional minimum is met here because it is "evident from the face of the complaint that more than $75,000 is at stake" ("Opp'n," Dkt. No. 13 at 9), because Plaintiff has expressly alleged that (1) the amount in controversy exceeds $25,000 and (2) he seeks a civil penalty of twice the actual damages, plus "attorneys' fees." (*Id.* ¶¶ 13, 24, 31, and 34).

Plaintiff counters that Defendant fails to bear its burden of overcoming the presumption that this Court lacks jurisdiction by a preponderance of the evidence because the potential recovery amounts that Defendant relies on are too speculative. (Motion at 3). Specifically, Plaintiff argues that:

(1) Defendant provides an unsubstantiated actual damages value which does not account for Plaintiff's use to date of the Vehicle, and thus failed to calculate any mileage offset of the alleged amount in controversy (Motion at 6; Reply at 5);

(2) Defendant has "provided no proof regarding the likelihood of a civil penalty being awarded in this case, or that the full civil penalty would be applied" (Motion at 6; Reply at 6), and thus cannot show that a civil penalty should be included in the amount in controversy; and

(3) Defendant has not shown that the attorneys' fees here would push the amount in controversy above $75,000.00. (Motion at 6–7; Reply at 7).

All of Plaintiff's arguments are unavailing.

### c. Application

Plaintiff seeks to recover for Defendant's alleged violation of an express warranty under the Song-Beverly Act, Cal Civ. Code § 1793.2. Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). "To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction—the denominator is 120,000, and the numerator is the number of miles the buyer drove the car before the first relevant repair." *Mullin*, 2020 WL 2509081 at *2 (citing *id.*). This calculation provides the actual damages that Plaintiff suffered.

Here, Defendant's Notice of Removal provides undisputed evidence from Plaintiff's Retail Installment Sales Contract that the purchase price (or purported actual damages value) of Plaintiff's Vehicle was $27,612.03, after taxes and financing. (Declaration of Matthew M. Proudfoot ("Proudfoot Decl." (Dkt. No. 3) at 2 of 87, ¶¶ 4–5 and Ex. A (Dkt. No. 3) at 10 of 87). Further, Plaintiff's Complaint expressly requests a civil penalty of up to two times the amount of Plaintiff's actual damages. Contrary to Plaintiff's assertion, the Court may properly include this civil penalty in calculating the amount in controversy. *Mullin*, 2020 WL 2509081 at *4; *Brady*, 243 F. Supp. 2d at 1009. Thus, $27,612.03 (the purchase price, or purported actual damages value) multiplied by three is $82,836.00, which clearly exceeds the $75,000.00 minimum for federal court jurisdiction, even without considering attorneys' fees.

     This Court generally does not consider mileage offsets (or vehicle value reductions accounting for a plaintiff's use of the vehicle before it was taken in for a repair) in calculating the amount in controversy, as such offsets sound more in the nature of a defense.[1] *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (concluding that "mitigating factors" are "'potential offsets' that are inapplicable to the amount-in-controversy calculation"); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense [or potential offset] that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.").

     But even if the Court did deduct a potential offset here, Defendant has provided uncontroverted evidence that, based on Plaintiff's own repair orders (Repair Order No. 113324 (Dkt. No. 3) at 67 of 87 and Ex. E (Dkt. No. 3) at 46 of 87), the maximum potential mileage offset amount is likely only $3,204.83. (Opp'n at 7, 15).

     The offset amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. *Maciel v. BMW of N. Am., LLC*, No. CV 17-04268 SJO (AJWx), 2017 WL 8185859, at *2 (C.D. Cal. Aug. 7, 2017) (quoting Cal. Civ.

---

[1] However, some courts have found that it is proper to account for the mileage offset when determining whether an amount in controversy exceeds the jurisdictional minimum for federal jurisdiction to vest. *See, e.g., Schneider v. Ford Motor Co.*, 756 F. App'x. 699, 701 n. 3 (9th Cir. 2018) (unpublished) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy as the circuit has "recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal quotation marks omitted)); *Mullin*, 2020 WL 2509081 at *3 ("Because Defendants neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle."); *Cortez Martinez v. Ford Motor Co.*, No. 1:18-CV-01607-LJO-JLT, 2019 WL 1988398, at *4 (E.D. Cal. May 6, 2019) (citing *Schneider*, 756 Fed. App'x. at 701) ("The appellate court noted the district court's consideration of the use offset under the Song-Beverly Act to determine the jurisdictional amount in controversy was valid.").

Code § 1793.2(d)(2)(c)). Defendant contends that Plaintiff's repair order No. 113324, associated with the first battery replacement at 39,508 miles, would be used to calculate any potential mileage offset. Since the Vehicle was purchased used with 25,580 miles already on the odometer, this would yield a mileage offset of 13,928 miles. This amount is multiplied by the purchase price of $27,612.03 and then divided by 120,000, producing an offset amount of $3,204.83. The Court finds this offset calculation reasonable, and disagrees with Plaintiff's contention that it is "conclusory"; "unsupported" and with "no basis[.]" (Reply at 5).

If the Court were to consider the offset amount here, it would deduct the offset (or $3,204.83) from the purchase price ($27,612.03), arriving at a purported actual damages value of $24,407.20. This value multiplied by three (capturing the actual damages and two times the civil penalty under the Song-Beverly Act) is $73,221.6, which is just shy of $75,000.00. The Court finds that Plaintiff's attorneys' fees would surely make up any difference to satisfy the amount in controversy.

Accordingly, the Court **DENIES** Plaintiff's Motion for Remand, as Defendant has met its burden by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 for federal jurisdiction to vest. *Fritsch*, 899 F.3d at 795 (noting that district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees") (quoting *Ingram*, 647 F.3d at 928).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Remand to State Court (Dkt. No. 10) and retains jurisdiction over this action.

**IT IS SO ORDERED**.